# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: | Case # 18-19396 |
| Allen Jackson | Chapter 7 |
| Debtor(s). | Honorable Pamela S. Hollis |
| | Set for April 12, 2019 at 10:00 a.m. |

## NOTICE OF MOTION

TO:  SEE ATTACHED SERVICE LIST

     PLEASE TAKE NOTICE that on April 12, 2019, at 10:00 a.m., I shall appear before the Honorable Pamela S. Hollis at Joliet City Hall, 150 West Jefferson Street, 2nd Floor, Joliet, Illinois, or, in her absence, before any other Judge who may be sitting in her stead, and shall then and there present **TRUSTEE'S MOTION TO SELL 3513 DALE DR, CRETE, IL 60417 FREE AND CLEAR OF LIENS AND ENCUMBRANCES, TO LIMIT NOTICE AND TO DEFER FILING FEE,** a copy of which is attached hereto and hereby served upon you.

                                                    /s/ Cindy M. Johnson

Cindy M. Johnson
Johnson Legal Group, LLC
140 S. Dearborn Street,
Suite 1510
Chicago, IL 60603
(312) 345-1306

## CERTIFICATE OF SERVICE

     I, Cindy M. Johnson, an attorney, certify that I served true and correct copies of the foregoing notice and document to which it refers to the persons listed on the attached service list via electronic service on those registered in the CM/ECF system and, for those not listed in the CM/ECF system, at the addresses listed, by placing them in envelopes, properly addressed, with proper postage prepaid, and depositing them in the United States Mail Chute at 140 S. Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on March 22, 2019.

                                                    /s/ Cindy M. Johnson

SERVICE LIST

**Electronic Mail Notice List**

- Carleen L Cignetto    cignettolaw@gmail.com, lcr67785@notify.bestcase.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov

**Manual Notice List**

**EMAIL**
Kim Wirtz Kim@kimwirtz.com

**US Mail**

Allen Jackson
3513 Dale Drive
Crete, Il  60417

Dell Financial Services, LLC
Resurgent Capital Services
PO Box 10390
Greenville, SC 29603-0390

PYOD, LLC its successors and assigns as assignee
of Citibank, N.A.
Resurgent Capital Services
PO Box 19008
Greenville, SC 29602

 Quantum3 Group LLC as agent for
Comenity Bank/JH Portfolio Debt Equities
PO Box 788
Kirkland, WA 98083-0788

Cavalry SPV I, LLC
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595

CAPITAL ONE BANK (USA), N.A.
CABELA'S CLUB VISA by Inforsource as age
4515 N Santa Fe Ave
Oklahoma City, OK 73118


PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

Captial One, N.A.
c/o Becket and Lee LP
PO Box 3001
Malvern, PA 19355-0701

Ingalls Hospital
One Ingalls Dr
Harvey, IL 60426

Bank of America, NA
PO Box 982284
El Paso, TX 7998-2238

QC Holdings financial Serv
1451 Sibley Blvd
Calumet City, IL 60409

Chase BankUSA NA
c/o Robertson, Anschutz
6409 Congress Ave, Suite 100
Boca Rton, FL 33487

Portfolio Recovery Assoc, LLC
c/o Sams Club
PO Box 41067
Norfolk, VA 23541

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>Allen Jackson<br><br>　　　　Debtor(s). | Case # 18-19396<br><br>Chapter 7<br><br>Honorable Pamela S. Hollis<br><br>Set for April 12, 2019 at 10:00 a.m. |

**TRUSTEE'S MOTION TO SELL 3513 DALE DR., CRETE, IL 60417 FREE AND CLEAR OF LIENS AND ENCUMBRANCES, TO LIMIT NOTICE AND TO DEFER FILING FEE**

NOW COMES **Cindy M. Johnson**, not individually but as the chapter 7 trustee (the "Trustee") of the bankruptcy estate of **Allen Jackson** (the "Debtor"), and respectfully requests the entry of an order, pursuant to 11 U.S.C. § 363(f), authorizing the Trustee to sell 3513 Dale Dr., Crete, IL 60417 (the "Property"), free and clear of liens and encumbrances, with liens to attach to the proceeds of the sale, and for other relief. In support of this motion, Trustee states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334.

2. Venue of the above captioned case (the "Case") and of this motion is proper pursuant to 28 U.S.C. §§1408 and 1409. Consideration of the motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(N).

3. The statutory basis for the relief sought in this motion are 11 U.S.C. §§ 363(f) and Rules 6004 and 2002 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

4. On July 11, 2018, (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 7 of title 11, of the United States Code (the "Bankruptcy Code"), thereby initiating the Case.

5. Subsequent to the Petition Date, the Trustee was appointed as the interim case trustee. Trustee now serves as permanent trustee and has the authority to seek the relief requested herein.

6. The Property is an asset of the bankruptcy estate in this Case ("the Estate").

7. Trustee received an offer to purchase the Property.

8. Pursuant to Sections 363(f) and 704 of the Bankruptcy Code, the Trustee is authorized to sell, transfer and/or assign the Property to any buyer on behalf of the creditors of the Estate.

9. Trustee obtained an opinion of Kim Wirtz, Century 21 Affiliated who is experienced in the sale of the same type of assets as the Property, that the Property could be expected to sell for approximately $169,900.00.

10. This Court authorized employment of Kim Wirtz Century 21 Affiliated on September 21, 2018 (Docket No. 33)

11. Thereafter the Property was duly listed for sale.

## SALE OF THE PROPERTY

12. On or about March 12, 2019, Trustee received an offer to purchase the Property for $168,000 (the "Purchase Price") from April Gluszek Wiemer (the "Buyer") which Trustee accepted subject to this Courts approval on March 21, 2019. A copy of the Real Estate Contract is attached hereto as Exhibit A.

13. Once approved, Trustee can efficiently liquidate the Estate, and provide a relatively quick distribution to the estate's creditors.

## RELIEF REQUESTED

14. Pursuant to 11 U.S.C. §§ 363(f), Trustee respectfully requests the entry of an order authorizing Trustee to sell the Property to Buyer in accordance with Exhibit A, free and clear of any encumbrances, liens or interests with liens to attach to proceeds.

15. Trustee respectfully requests authorization to pay from the closing of the Property, all costs of sale including but not limited to mortgage payoff to Nationstar Mortgage or its successor, real estate brokers commission $8,400.00, title charges, tax prorations, unpaid real estate taxes and Debtor's homestead exemption.

16. Trustee does not have funds in the estate at this time to pay the required filing fee and seeks to defer payment until funds from the sale are received.

17. Trustee further requests authority to execute any and all documents necessary to complete the sale of the Property, including the authority to execute Deeds, execute bills of sale and execute and all other documents necessary to sell, assign and transfer the Estate's Interest in the Property.

## BASIS FOR THE RELIEF SOUGHT

18. In determining whether to approve a sale outside the ordinary course of business, various standards have been used, including a business judgment test, a good faith test determining whether the sale is fair and equitable, and a test to assess whether the transaction is in the best interest of the estate. *See, e.g., In re Olde Prairie Block Owner, LLC*, 2011 WL 1692145, *7 (Bankr. N.D. Ill. May 3, 2011); *In re Zeigler,* 320 B.R. 362, 381 (Bankr. N.D. Ill. 2005).

19. The Seventh Circuit has held that such a sale may be approved where the trustee has an "articulated business justification." *In re Schipper,* 933 F.2d 513, 515 (7th Cir. 1991); *see also, In re Telesphere Communications, Inc.,* 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999).

20. Moreover, a trustee's business judgment is entitled to substantial deference with respect to the procedures to be used in selling an estate's assets. *Id., In re Integrated Resources, Inc.*, 147 B.R. 650, 656-57 (S.D.N.Y. 1992). The paramount goal in any proposed sale of property of the estate is to maximize the estate. *See, e.g., Corp. Assets, Inc. v. Paloian*, 368 F.3d 761, 765 (7th Cir. 2004) (in a bankruptcy sale, the "governing principle… is to secure the highest price for the benefit of the estate and creditors).

21. Trustee respectfully submits that, in the exercise of her business judgment, the sale of the Property under the offer received from Buyer is fair and equitable and in the best interests of the Estate.

**NOTICE**

22. Trustee has sent twenty-one (21) days' notice of this motion to Debtor, Debtor's Counsel, the U.S. Trustee, all parties requesting notice and to all creditors who filed claims in this case. Pursuant to Fed.R.Bankr.P. 2002, the Trustee submits that the parties served constituted all the parties in interest in the Case.

23. Since in this Chapter 7 case, more than 90 days has passed since the first date set for the meeting of creditors, this Court has authority to allow notice of this motion to be sent only to the debtor, the United States Trustee, to other parties in interest, and to only creditors who have filed claims in this case (there being no creditors who have the right to an extension to file claims).

See, Rule 2002(h) of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE**, Trustee, Cindy M. Johnson, prays this Court to enter an order:

a. Authorizing Trustee to sell the Property for $168,000.00 to Buyer;

b. Authorizing the Trustee to execute all documents in conjunction with the sale of the Property Buyer;

c. Limiting the required 21 days' notice given of this motion to Debtor, Debtor's counsel, the U.S. Trustee, all parties requesting notice and to all creditors who filed claims in this case, and deem said notice adequate,

d. Deferring the required filing fee until funds from the sale are received, and

e. granting such other and further relief as this Court deems just and equitable.

Respectfully submitted,

CINDY M. JOHNSON,
Chapter 7 Trustee

By:  /s/ Cindy M. Johnson

Cindy M. Johnson
Johnson Legal Group, LLC
140 S. Dearborn Street, Suite 1510
Chicago, IL 60603
(312) 345-1306